SIBRAY, Immigration Inspector, v. UNITED STATES ex rel. PLICHTA.

(Circuit Court of Appeals, Third Circuit. July 15, 1922.)

No. 2850.

1. Aliens ⚌54—Decision of Department of Labor as to sufficiency of facts for deportation after legal hearing final.

Whether the evidence is sufficient to justify the deportation of an alien is for the determination of the Department of Labor, its decision being final, and the District Court is without jurisdiction to review the sufficiency of the evidence on which the order of deportation is based, if the alien had a hearing according to law.

2. Habeas corpus ⚌45(4)—District Court has jurisdiction, where alien ordered deported without fair hearing.

If it appears that the procedure prescribed by law for the determination of the facts on which an order of deportation is based was disregarded, and the alien did not have a fair hearing according to the rules of the department, the District Court had jurisdiction to issue a writ of habeas corpus to review the case.

3. Habeas corpus ⚌29—Usual remedy for unlawful imprisonment.

When an alien is imprisoned for deportation without having been accorded the legal rights to which he was entitled under the statute and the rules of the Department of Labor, habeas corpus is the usual remedy.

4. Aliens ⚌54—Alien under arrest for deportation must be permitted to inspect warrant and all evidence on which it is based.

Under Immigration Rule 5, subd. (b), authorized by Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), an alien under arrest, charged with acts for which he is sought to be deported, must be allowed to inspect the warrant of arrest and all the evidence on which it is based.

5. Aliens ⚌54—Statute providing deportation must be administered according to terms and rules of Commissioner General of Immigration.

Aliens must be deported according to law, and the statute must be administered according to its terms and the rules established by the Commissioner General of Immigration, and those charged with its enforcement are not at liberty in any particular case, and for reasons that may appeal to them at the moment, to set aside any one of the rules on which the rights of aliens depend.

6. Aliens ⚌54—When it appears that alien ordered deported did not have fair hearing, court will try cause on its merits.

After reaching the conclusion that an alien ordered deported by the Department of Labor did not have a full, fair, and impartial hearing after he had been arrested, the court may consider and decide the case on its merits.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Petition for habeas corpus by the United States, on the relation of George Plichta, against W. W. Sibray, Immigration Inspector, Department of Labor, Pittsburgh, Pa. From an order of the District Court discharging relator, respondent appeals. Affirmed.

Walter Lyon, U. S. Atty., and Warren H. Van Kirk, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa., for appellant.

Robert M. Ewing, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

⚌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DAVIS, Circuit Judge. This is an appeal from an order of the District Court discharging the relator on a writ of habeas corpus. The facts, so far as material to this case, are: The relator, who is 39 years of age, immigrated to this country from Czecho-Slovakia in 1889. Between that time and 1914 he returned to his native country two or three times, and at one time remained there about 4 years. In 1914 he went back and served in the Austrian army until 1920, when he returned to this country. He was married in 1905, and his wife had four children, all of whom died. In 1915 his brother, Andreos, who was in the same army, was killed, and left a widow, Anna Maria Plichta. George Plichta, the relator, had immoral relations with his brother's widow. Since his return in 1920, he corresponded with her, and finally sent her $240 to pay her fare here. On his advice she posed as his wife, and he testified at Ellis Island on her arrival that she was his wife, thinking it would facilitate her admission into the country. He intended to get a divorce, he said, and marry her. His wife, who was living in New York, appeared and testified against her husband. He was arrested on a departmental warrant, charging him with having "procured or attempted to procure or import a woman for an immoral purpose," contrary to the Act of February 5, 1917 (39 Stat. 889), which provides in section 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj) that:

"Any alien who shall import or attempt to import any person for the purpose of prostitution or for any other immoral purpose * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported."

The act further provides that the Commissioner General of Immigration, under the direction of the Secretary of Labor, "shall establish such rules and regulations * * * as he shall deem best calculated for carrying out the provisions of this act." Section 959. One of the rules thus established was Immigration Rule 5, subd. (b), which provides that:

"Preferably, at the beginning of the hearing, under the warrant of arrest, or, at any rate, as soon as such hearing has proceeded sufficiently far in the development of the facts to protect the government's interest, the alien shall be allowed to inspect the warrant of arrest and all the evidence on which it was issued."

Another rule was No. 22, subd. 3:

"The application must state facts showing prima facie that the alien is within one or more of the classes subject to deportation after entry, and, except in cases in which the burden of proof is upon the alien [Chinese] involved, should be accompanied by some substantial supporting evidence. If the facts stated are within the personal knowledge of the inspector reporting the case, they need not, of course, be in affidavit form. But if based upon statements of persons not sworn officers of the Government except in cases of public charges covered by subdivision 4 hereof, the application should be accompanied by the affidavit of the person giving the information or by a transcript of a sworn statement from that person by an inspector."

After the hearing before the Immigration Inspector, a warrant of deportation was issued by the Acting Secretary of Labor. Thereupon the alien filed in the District Court a petition for writ of habeas corpus

on the ground that he was not given an opportunity to produce testimony and that he was not fully advised of nor granted his rights under the rules and regulations of the department. The writ was issued. and upon hearing at the return that court made an order discharging him, because he was not allowed to inspect the warrant of arrest and the evidence on which it was based, and that—

"the warrant of arrest was not supported by some substantial evidence as required by the rules of the department, * * * and that the alien did· not have a full, fair and impartial hearing after he had been arrested."

[1-3] Whether or not evidence is sufficient to justify deportation is for the determination of the department, and its decision on the sufficiency of facts is final, and the District Court is without jurisdiction to review the sufficiency of the evidence on which the order of deportation is based, if the alien has had a hearing according to law. The Japanese Immigrant Case, 189 U. S. 86, 23 Sup. Ct. 611, 47 L. Ed. 721. But if it appears that the procedure prescribed by law for the determination of the facts on which the order is based was disregarded, and the respondent did not have a fair hearing in accordance with the rules of the department, the District Court has jurisdiction to issue the writ of habeas corpus to review the case. Chin Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369. The respondent was imprisoned for deportation without having been accorded the legal rights to which he was entitled under the statute and rules of the department. Habeas corpus is the usual remedy for unlawful imprisonment. Chin Yow v. United States, supra.

[4] The learned judge below stated, in his opinion that—

"It was admitted by the Immigration Inspector that the evidence upon which the warrant of arrest had been issued was not read to the alien."

The appellant says that the Immigration Inspector did not make the flat admission attributed to him by the court, but said that it was customary to read the evidence upon which the warrant of arrest was based to the alien, but whether or not it was done in this particular case he could not say. Whether or not the court was in error as to the exact admission made, we are of opinion that the facts before him justified the conclusion reached. The appellant argues that it was not necessary to comply exactly with the rule in this case because the alien knew the facts; that the warrant of arrest was based upon the testimony of the alien given before the Immigration Inspector at Ellis Island, when he testified on the arrival of Anna Maria Plichta, in an effort to have her landed, and therefore he need not be allowed to inspect the warrant of arrest and all the evidence on which it was based.

[5] In other words, the contention is made that under certain circumstances it is discretionary with the inspector as to whether or not he will disregard the rules of the department, made pursuant to the authority of the statute. We are unable to subscribe to this proposition. Assuming that the warrant of·arrest was based upon the alien's testimony at Ellis Island, and upon that alone, he would not know that fact without actually inspecting the warrant and· all the evidence on which it was based. If the appellant's position prevails, the adminis-

tration of this statute will be according to the caprice of men, and not according to the fixed requirement of law. Aliens must be deported according to law, and not according to men. This statute must be administered according to its terms and the rules established by the Commissioner General of Immigration. Those charged with the enforcement are not at liberty in any particular case, and for reasons that may appeal to them at the moment, to set aside any one of the rules on which the rights of aliens depend. Otherwise an alien would never know what he was to meet, nor. when nor how to prepare his defense. Whether or not the relator in the instant case could have produced evidence other than that he did produce, or whether or not the examination of the warrant of arrest and all of the evidence upon which it was based would have given him additional information, and enabled him to prepare his defense differently than he did, is not the issue. Congress, in its wisdom, has enacted a statute, under the provisions of which, in accordance with the rules established by the Commissioner General, certain aliens may be deported, and every alien charged with crime has the right to rely upon the observance of the statute and those rules by those charged with their enforcement in a proceeding to deport him. It is not within our province to speculate in any particular case what effect the disregard of those rules might or might not have. We are of opinion that the court below was justified in finding that the rules requiring that the alien be allowed to inspect the warrant of arrest and all the evidence upon which it was based were ignored, and therefore the alien did not have the information and opportunity contemplated by these rules for the preparation of his defense.

[6] After reaching the conclusion that "the alien did not have a full, fair, and impartial hearing after he had been arrested," the judge considered the merits of the case and, inter alia, said:

"It is not necessary to comment upon the evidence produced at the hearing before the Immigration Inspector. None was offered, except the testimony of the alien. That being the only evidence at the hearing, I see no reason why it should not be taken as true, and that his purpose in attempting to bring a woman to this country was for the purpose of marrying her after he had become divorced from an unfaithful wife, and should not be deemed immoral under the statute."

He further said that, in view of the fact that others might take a different view of the testimony, he did not base his decision on the absence of evidence of the commission of the offense, but on the ground that the application for the warrant of arrest was not supported by some substantial evidence. When it appears that the alien did not have a full and fair trial—

"the courts must deal with the matter somehow; and there seems to be no way so convenient as a trial of the merits before the judge." Chin Yow v. United States, 208 U. S. 8, 13, 28 Sup. Ct. 201, 202 (52 L. Ed. 369).

We are unable to say, from the case as presented to us, that the court below reached an erroneous conclusion, and the order is affirmed.