## UNITED STATES ex rel. CHIN FOOK WAH v. DUNTON, Chinese Inspector.

(District Court, S. D. New York. April 6, 1923.)

1. **Aliens** ⬅️⟹32(2)—**Second Assistant Secretary of Labor could act in case of exclusion of Chinese.**

   The Second Assistant Secretary of Labor could act in a proceeding for exclusion of Chinese, under Act June 30, 1922.

2. **Aliens** ⬅️⟹32(9)—**Hearing before board of review lawful method of administering duties of the department.**

   The hearing before the board of review in a Chinese exclusion case is merely in aid of the Secretary of Labor and is a lawful method of administering duties of the department.

3. **Aliens** ⬅️⟹32(9)—**Constitutional law** ⬅️⟹318—**Proceedings to exclude Chinese, without presence of friends or relatives, without due process of law.**

   The rule of the Department of Labor that an alien may have a friend or relative present after the preliminary part of the hearing has been completed has the force of law, and where not complied with the hearing is without due process of law.

4. **Habeas corpus** ⬅️⟹92(1)—**Merits to be considered in proceeding by alien.**

   In a habeas corpus proceeding invoked for the benefit of an alien Chinese, whose hearing was without due process of law because of the absence of a friend or relative, the federal District Court must hear the case on the merits and determine whether or not relator should be admitted into the country.

Habeas Corpus. Proceeding by the United States, on the relation of Chin Fook Wah, against John F. Dunton, Chinese Inspector in Charge of New York. Relator discharged from custody.

Roger O'Donnell, of Washington, D. C., for petitioner.

William Hayward, U. S. Atty., of New York City, for respondent.

AUGUSTUS N. HAND, District Judge. This matter comes before the court on a writ of habeas corpus to test the legality of the deportation of Chin Fook Wah. The father of the petitioner is a citizen of the United States, and the only real question of fact before the court is one of identity. The testimony discloses various inconsistencies between the statements of the applicant and members of his family in regard to whether his maternal grandmother is living, whether

---

⬅️⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

he ever had any sisters, whether he was ever in his father's store in China, and the ages of the applicant's cousins.

On the record I think there is a substantial doubt about the identity of the applicant as the son of an American citizen, and I should undoubtedly dismiss the writ, were it not for the fact that the department has failed to observe its own rule in respect to hearings, which provides that "the alien may have one friend or relative present after the preliminary part of the hearing has been completed." The only relative who appears to have been present was the father, for a short time, when he was called in to caution the applicant to tell the truth, and immediately thereafter excluded. The applicant was only 11 or 12 years old, and, if the rule has any value, provision should have been made for compliance with it. The recent decision of the Circuit Court of Appeals for the Third Circuit in Sibray v. United States, 282 Fed. 795, is to the effect that the rules of the Department adopted in conformity with the Act of Congress have the force of law and must be regarded, so long as they stand.

[1] The point that the Second Assistant Secretary of Labor could not act in the case is not well taken. He might receive directions from the Secretary of Labor to perform the duties of the latter under the provisions of the Act of June 30, 1922 (42 Stat. 766), creating the position of an Assistant Secretary of Labor, which says that "he shall perform such duties as shall be prescribed by the Secretary of Labor, or acquired by law." Section 1. I think no collateral attack can be made upon his authority.

[2] I am also of the opinion that the hearing before the board of review was merely in aid of the Secretary of Labor, and was a lawful method of administering the duties of the Department.

[3, 4] For the reason, however, that rule 3, providing that the alien might have a friend or relative present after the preliminary part of the hearing has been completed, was not complied with, the hearing was without due process of law. The petitioner, however, has not established his right to enter the country. Upon the authority of Chin Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369, the merits must be heard in this court. The matter is referred to William Parkin, Esq., to report whether the petitioner is the son of Chin Ho Jan, whom he claims to be his father.

NOTE.—The referee reported, on April 30, 1923, that he found the petitioner to be the son of Chin Ho Jan, a citizen of the United States; and on May 9, 1923, final order was entered discharging the relator from custody.