## HAJDAMACHA v. KARNUTH, Acting Dist. Director of Immigration, et al.

District Court, W. D. New York. December 10, 1927.

1. Aliens ⬡54(6)—Alien arrested for deportation may be released pending hearing only on bond conditioned as prescribed by statute (Immigration Act 1917, § 20 [8 USCA § 156]).

    Immigration Act 1917, § 20 (8 USCA § 156), authorizing release of alien arrested for deportation on bond pending hearing prescribes the conditions of the bond, which may not be changed to permit voluntary departure of alien.

2. Aliens ⬡54(12)—Secretary of Labor cannot be required by alien ordered deported to exercise option as to country of deportation in favor of country of alien's choice (Immigration Act 1917, § 20 [8 USCA § 156]).

    Option given Secretary of Labor by Immigration Act 1917, § 20 (8 USCA § 156), to designate country to which alien shall be deported, cannot be controlled by alien in favor of country of his choice.

3. Aliens ⬡54(6, 13)—Warrant of arrest or deportation may be signed by Assistant to Secretary of Labor (5 USCA § 613a).

    A warrant for arrest or deportation of an alien, signed by an Assistant to the Secretary of Labor, appointed under Act March 4, 1927 (5 USCA § 613a), and duly authorized thereto by the Secretary, has the same force and effect as though signed by the Secretary himself.

In Equity. Suit by Michal Hajdamacha against Arthur Karnuth, Acting District Director of Immigration, and the National Surety Company. On motion by complainant for preliminary injunction and by defendants to dismiss bill. Motion for injunction denied, and to dismiss granted.

Harold Van Riper, of New York City (Preston M. Albro, of Buffalo, N. Y., of counsel), for plaintiff.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Richard A. Grimm, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for defendants.

HAZEL, District Judge. The plaintiff, an alien, filed a bill in equity in this court against Andrew Karnuth, District Director of Immigration, and the National Surety Company, averring that the action arises under the Immigration Acts of 1917 and 1924. The bill admits that plaintiff entered the United States illegally, was later arrested, and then released on a surety bond, conditioned that he surrender himself for deportation on issuance of a deportation warrant. He avers that the bond was illegal, in that it should have contained a clause providing for its cancellation after his voluntary departure from the United States, or, in the alternative, that he surrender himself for deportation, that in this particular the surety bond does not contain the agreement under which the bond was executed, and, further, that by mutual mistake of the parties, or by fraud of the immigration officials, it was not disclosed to him that the bond did not recite the true conditions. It was then averred that plaintiff desires to return to Canada, where he established a residence, but is unable to do so without forfeiture of the bond, owing to its failure to state that he may depart to Canada at his option; that the immigration officials threaten to deport him to Poland without first inquiring of the Canadian government whether it is willing to receive him; that voluntary departure from the United States, on condition of cancellation of the bond, was denied him, and his deportation to Poland is imminent.

In a second cause of action, it is alleged that plaintiff's arrest was on an illegal warrant, in that it was not signed by the Secretary of Labor, as required by section 19 of the Immigration Act of 1917 (8 USCA § 155), but was issued and signed by W. N. Smelser, Assistant to the Secretary of Labor, under chapter 498 of 44 Statutes at Large, p. 1415 (5 USCA § 613a), a secretary not authorized by law either to issue a warrant of arrest or a warrant of deportation; that plaintiff has no adequate remedy at law, and reformation of the surety bond is sought, together with a restraining order to protect him from deportation and forfeiture of the bond.

A motion was made and hearing had for injunction, during the pendency of the suit, which was opposed by defendants, and they at the same time moved to dismiss the bill for want of equity.

[1] The bond in terms required the obligors to fully comply with the stated conditions, viz. to deliver the alien for hearings in relation to the charge, and, if found to be unlawfully in the United States, to surrender him, on request, to the immigration officials for deportation to the country specified in the warrant. Such warrant, as the record shows, was issued by the Assistant to the Secretary of Labor, commanding that the alien be returned to the country from whence he came, and setting forth that delivery of the alien for deportation would operate to cancel the bond. The condition of the bond conformed precisely to the requirements of the statute, which contains no suggestion of alternative conditions or obligations which would enable a voluntary departure to a country other than that specified in the warrant. No one had any right to alter or modify the provisions of the statute in this relation, and the prescribed conditions clearly were not due to any mistake. No other form or condition could have been accepted. The prescribed wording of the conditions upon which the alien was released after his arrest is plain and unambiguous and not open to construction. Surrender of the alien in obedience to the warrant of deportation was an essential element of the undertaking.

[2] It was argued that Congress, in prescribing the conditions, had mainly in mind the exclusion feature of the statute, as distinguished from that of deportation, but I think the personal desire of the alien, as to the country to which he should be deported, did not concern the lawmaking power, for, under section 20 of the Immigration Act, February 5, 1917 (8 USCA § 156), the Secretary of Labor, at his option, was authorized to deport the alien, either to the country from whence he came, or to the country from which he entered the United States. The Secretary of Labor cannot be required, at the instance of the alien, to exercise the option in favor of either country (MacKusick v. Johnson [C. C. A.] 3 F.[2d] 398), and plaintiff cannot escape the penalty of the bond by failing to

surrender and by voluntarily removing himself to Canada. He is a citizen of Poland, and secretly entered the United States from Canada. The fairness of the hearings before the immigration officials, or the right of the Secretary of Labor to deport him, is not questioned.

The case of U. S. v. Curran, 16 F.(2d) 958, indicates, in my opinion, a proper interpretation of section 20. There the deportation warrant seemingly allowed the alien to return to a foreign country when and as he pleased, but Judge Hough, writing for the Circuit Court of Appeals, emphatically says:

"The relator *should be sent,* not politely permitted to go as he pleases, to St. Nazaire, whence he sailed, or to France generally, whence he came, or, if France refuses him, to Mesopotamia, where he resided before he abode in France, or to Persia, a country of which he is a citizen."

[3] It is next contended that both the warrant of arrest and the warrant of deportation were illegal and void, in that neither was signed by the Secretary of Labor, or by the Assistant Secretary of Labor, or by the Second Assistant Secretary of Labor, as authorized and empowered by law, but was in fact signed by an Assistant to the Secretary of Labor, who, it is said, had no authority to act for the Secretary of Labor or the Assistant Secretaries, and that accordingly the deportation warrant was not legally issued for taking the alien into custody and deporting him to Poland.

This point has been given consideration, with the result that I am convinced that the warrant, as issued and signed, is not subject to the objection urged. It is to be accorded the same effect as though it had been issued and signed by the Secretary of Labor himself. It is true that by section 155, c. 6. tit. 8, USCA, any alien, found illegally in the United States, shall, "upon the warrant of the Secretary of Labor, be taken into custody and deported," but by appropriate acts (5 USCA §§ 612, 613) Congress has provided that the Assistant Secretary of Labor and Second Assistant Secretary of Labor "shall perform such duties that may be prescribed by the Secretary of Labor or required by law," and on March 4, 1927, Congress (see chapter 498, 44 Stat.) also provided for the appointment by the President of two Assistants to the Secretary of Labor who were to perform such duties as the Secretary of Labor prescribed, or as required by law. Mr. Smelser was one of these secretaries, and his acts in signing the warrants were in effect the acts of the Secretary of Labor. He was specifically authorized by order dated March 8, 1927, to sign warrants of arrest and deportation of aliens in the United States in violation of the immigration laws. There is no point to the contention that, in order to confer upon him the power to sign such warrants, he should have been made Third Assistant Secretary, since the act authorizing his appointment specifically provides that he was to perform, not only the duties that may be prescribed by the Secretary of Labor, but also duties required by law. In the discharge of those duties, the legal presumption is that he acted within the authority conferred by the acts and promulgated orders. See MacKusick v. Johnson, supra; U. S. ex rel. Chin Fook Wah v. Dunton (D. C.) 288 F. 959.

The function of signing the warrants did not rest exclusively upon the Secretary of Labor. It was delegatable in case of disability or absence of the Secretary of Labor or the Assistant Secretaries, and evidence that no disability actually existed, would merely be collateral, and his right to sign the warrants is not open to attack. See U. S. ex rel. Chin Fook Wah v. Dunton, supra. In the case of Low Kwai v. Backus (C. C. A.) 229 F. 481, the facts were different. In that case the Secretary of Labor delegated his authority to the Commissioner of Immigration (who had no legal authority in the matter) without satisfying himself that the alien was subject to deportation.

It is therefore ruled herein that the warrants were valid, and the manner in which they were issued and signed was a lawful exercise of power.

The averments that the bond was executed by plaintiff under duress or threat of continued imprisonment were mere conclusions, and, on motion to dismiss the bill, only such facts as are well pleaded are admitted.

In my opinion, no cause of action is alleged. The application for injunction to restrain the collection of the $500 undertaking on plaintiff's failure to surrender himself for deportation is denied, and the bill, as presented, may be dismissed for want of equity.