**UNITED STATES, on Petition of ROCCO, ex rel. CONSTANTINO, v. KARNUTH, District Director of Immigration, et al.**

District Court, W. D. New York. January 4, 1929.

Matthew W. Bennett, of Buffalo, N. Y., for relator.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Richard A. Grimm, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for respondents.

HAZEL, District Judge. In the recent case of Michael Hajdamacha v. Karnuth, etc. (D. C.) 23 F.(2d) 956, 958, wherein the same attack on a warrant of deportation was submitted, I wrote an opinion which reads in part as follows:

"It is next contended that both the warrant of arrest and the warrant of deportation were illegal and void, in that neither was signed by the Secretary of Labor, or by the Assistant Secretary of Labor, or by the Second Assistant Secretary of Labor, as authorized and empowered by law, but was in fact signed by an assistant to the Secretary of Labor, who, it is said, had no authority to act for the Secretary of Labor, or the Assistant Secretaries, and that accordingly the deportation warrant was not legally issued for taking the alien into custody and deporting him to Poland. This point has been given consideration, with the result that I am convinced that the warrant, as issued and signed, is not subject to the objection urged. It is to be accorded the same effect as though it had been issued and signed by the Secretary of Labor himself. It is true that by section 155, c. 6, tit. 8, USCA, any alien, found illegally in the United States, shall, 'upon the warrant of the Secretary of Labor be taken into custody and deported,' but by appropriate acts (5 USCA §§ 612, 613) Congress has provided that the Assistant Secretary of Labor and Second Assistant Secretary of Labor 'shall perform such duties that may be prescribed by the Secretary of Labor or required by law,' and on March 4, 1927, Congress (see chapter 498, 44 Stat. [5 USCA § 613a]) also provided for the appointment by the President of two Assistants to the Secretary of Labor, who were to perform such duties as the Secretary of Labor prescribed, or as required by law. Mr. Smelser was one of these secretaries, and his acts in signing the warrants were in effect the acts of the Secretary of Labor. He was specifically authorized by order dated March 8, 1927, to sign warrants of arrest and deportation of aliens in the United States in violation of the immigration laws.

"There is no point to the contention that, in order to confer upon him the power to sign such warrants, he should have been made Third Assistant Secretary, since the act authorizing his appointment specifically provides that he was to perform, not only the duties that may be prescribed by the Secretary of Labor, but also duties required by law. In the discharge of those duties, the legal presumption is that he acted within the authority conferred by the acts and promulgated orders. See MacKusick v. Johnson [(C. C. A.) 3 F.(2d) 398] supra; U. S. ex rel. Chin Fook Wah v. Dunton [D. C.] 288

F. 959. The function of signing the warrants did not rest exclusively upon the Secretary of Labor. It was delegatable in case of disability or absence of the Secretary of Labor or the Assistant Secretaries, and evidence that no disability actually existed, would merely be collateral, and his right to sign the warrants is not open to attack. See U. S. ex rel. Chin Fook Wah v. Dunton, supra. In the case of Low Kwai v. Backus [C. C. A.] 229 F. 481, the facts were different. In that case the Secretary of Labor delegated his authority to the Commissioner of Immigration (who had no legal authority in the matter) without satisfying himself that the alien was subject to deportation. It is therefore ruled herein that the warrants were valid, and the manner in which they were issued and signed was a lawful exercise of power."

For the reasons stated in the case from which the above quotation was taken, and upon the authority of that decision, the writ of habeas corpus herein is dismissed.