**WERRMANN v. PERKINS, Secretary of Labor, et al.**

**No. 5520.**

Circuit Court of Appeals, Seventh Circuit.

Oct. 15, 1935.

Rehearing Denied Nov. 9, 1935.

468

David J. Bentall and Irving Krane, both of Chicago, Ill., for appellant.

Michael L. Igoe, U. S. Atty., A. Bradley Eben, Asst. U. S. Atty., and Austin Hall, all of Chicago, Ill., for appellees.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

This case is here on appeal by Frederick Wilhelm Werrmann from a decision of the District Court of the Northern District of Illinois, Eastern Division, holding adversely to appellant's contentions in a habeas corpus hearing brought to test the validity of an order of deportation. Appellant is a German alien who entered the United States on August 9, 1926, and was residing in Chicago on September 29, 1934, when he was arrested on a warrant charging him with being a "member of or affiliated with an organization, association, society or group that believes in, advises, advocates or teaches the overthrow by force or violence of the Government of the United States." After a hearing and a finding of the truth of the charge, one of the assistants to the Secretary of Labor issued a warrant of deportation, whereupon the matter came to the attention of the District Court by a petition for a writ of habeas corpus on behalf of such alien.

Various assignments of error are relied upon for a reversal of the judgment. Among others, appellant contends that the order of the District Court is void because it provides "that the Writ be and the same is hereby made absolute, and the Relator is remanded to the custody of Frances Perkins, Secretary of Labor * * *" It is contended that the statement in the order that the writ is made absolute is inconsistent with the latter part of the order that provides that relator be remanded to the custody of the Secretary of Labor. If we assume that the "writ" there referred to is the writ of habeas corpus, then it is true that an inconsistency appears. It is possible that the one who drafted this order may have had in mind the "writ" of deportation, although the former assumption appears more plausible. The specific direction, however, that relator be remanded to the custody of the Secretary of Labor, discloses clearly the court's ruling. If the court, by its order, had inadvertently said that relator's motion is allowed and relator remanded, etc., when it intended to say that relator's motion is denied and relator remanded, etc., the error would not be more apparent. A reversal on this ground would only require that the District Court correct the form of the order and serve no useful purpose in the efforts of the courts at substantial justice. The record discloses that appellant has already construed the order as here interpreted.

The point is also made that the warrant of deportation is executed by an assistant to the Secretary of Labor, whereas the statute provides that deportations shall be on the warrant of the Secretary of Labor.

Section 613a, tit. 5 USCA, provides that "there shall be in the Department of Labor not more than two assistants to the Secretary, who shall be appointed by the President and shall perform such duties as may be prescribed by the Secretary of Labor or required by law."

8 USCA § 137 (c, g), provides in part:

"In addition to the aliens who are by law otherwise excluded from admission into the United States, the following persons shall also be excluded from admission into the United States: * * *

"(c) Aliens who believe in, advise, advocate, or teach, or who are members of or affiliated with any organization, association, society, or group, that believes in, advises, advocates, or teaches: (1) the overthrow by force or violence of the Government of the United States. * * *

"(g) Any alien who, at any time after entering the United States, is found to have been at the time of entry, or to have become thereafter, a member of any one of the classes of aliens enumerated in this section shall, upon the warrant of the Secretary of Labor, be taken into custody and deported in the manner provided in this subchapter. The provisions of this section shall be applicable to the classes of aliens mentioned therein irrespective of the time of their entry into the United States."

It has been held that under these provisions the assistant to the Secretary of Labor may properly act in deportation proceedings and execute deportation warrants and that the courts will take judicial notice that certain persons were, at the time, assistants to the Secretary of Labor. Hajdamacha v. Karnuth (D. C.) 23 F.(2d) 956; United States v. Karnuth (D. C.) 35 F.(2d) 601; United States v. Phelps (C. C. A.) 40 F.(2d) 500. We conclude that this assignment is without substantial merit.

Appellant further alleges that the Department of Labor erroneously placed upon the alien the burden of proving why he should not be deported from the United States. Responsive to this allegation, appellees say that the burden of proof has not been placed upon the alien and cite cases holding that the burden is rightfully put upon the alien. This apparent confusion is brought about by the fact that the statute in certain cases does put the burden of proof on the alien. 8 USCA § 221. This section, however, has no application to the case under consideration, for the appellant here was charged with an offense alleged to have been committed after a lawful entry into the United States. We believe the true rule to be that, in proceedings involving the right of the United States to deport an alien whose entry into the United States in the first instance was unlawful, the alien has the burden of establishing his right to remain, but, where the right to deport is based on the misconduct of the alien subsequent to his entry, the presumption of innocence obtains, and the burden is upon the government to establish the fact of guilt. Hughes v. Tropello (C. C. A.) 296 F. 306. See, also, Bilokumsky v. Tod, 263 U. S. 149, 44 S. Ct. 54, 68 L. Ed. 221.

Whether the government has sustained such burden can only be determined from an examination of the record in the case. This we have done, and, without entering upon a discussion of such evidence, it is sufficient to say that there is ample, competent evidence in the record, produced by the government, independent of its examination of the alien, to sustain the findings of the Assistant Secretary of Labor. We are not to be understood as approving the procedure in cases of this character of directing the alien to show cause why he should not be deported, but we think such procedural irregularity in this case (order to show cause) did not amount to a shifting of the burden of proof or to a denial of justice.

The judgment is affirmed.