### UNITED STATES ex rel. KARPATHIOU v. SCHLOTFELDT, District Director of Immigration and Naturalization.

#### No. 6934.

Circuit Court of Appeals, Seventh Circuit.
Oct. 20, 1939.

Rehearing Denied Nov. 14, 1939.

Herman P. Haase, of Chicago, Ill., for appellant.

A. Bradley Eben, of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a judgment dismissing a petition for writ of habeas corpus filed on behalf of appellant, Constantinos Karpathiou, an alien. By the proceeding it was sought to test the validity of a warrant issued by the Secretary of Labor for the deportation of appellant upon the ground that he is in the United States contrary to the Act of February 5, 1917, Section 155, Title 8 U.S.C.A., in that appellant "has been found managing a house of prostitution, or music or dance hall or other place of amusement or resort habitually frequented by prostitutes or where prostitutes gather."

Appellant entered this country September 23, 1907, and admittedly is an alien. A hearing was had before a United States Immigration Inspector, at which time the additional charge "in that he has been found an inmate of a house of prostitution" was made. Prior to the hearing before the Immigration Inspector, affidavits had been obtained from four persons, some of whom had been inmates or employees of the house in question, known as the Willow Inn. At the hearing a large number of witnesses testified, and during the hearing these affidavits, previously obtained, were offered in evidence. The record does not disclose whether the persons who made these affidavits were all personally present or not, but we assume they were. At any rate, counsel for appellant was asked if he desired to cross-examine such persons. He availed himself of the privilege of cross-examining one of such persons but waived such privilege as to the other three. The one examined repudiated the material statements contained in her affidavit. It is not disputed by appellant but what the evidence contained in the affidavits was sufficient to support at least some of the charges preferred. It is argued, however, that these affidavits were improperly received in evidence and should not have been considered by the Department of Labor, and can not be here considered in support of the charge.

The impotency of this argument lies in the fact that the courts have recognized it generally as being proper.[1] In connection with such holdings it has been held that the alien is entitled to the privilege of an oral examination of the persons who have made the affidavits. Appellant cites and relies upon the authority of Hanges v. Whitfield, D.C., 209 F. 675, but an examination of that case discloses that it is not at variance with the general rule. The effect of that holding was that the affidavits were improperly received in evidence for the reason that the alien was denied the right to examine the witnesses at the hearing. Inasmuch as this privilege was offered appellant in the instant case, and waived by his counsel, we think there can be no question but what the affidavits were properly received in evidence.

[1] Hays v. Zahariades, 8 Cir., 90 F.2d 3; Ranieri v. Smith, 7 Cir., 49 F.2d 537; Ghiggeri v. Nagle, 9 Cir., 19 F.2d 875; Kjar v. Doak, 7 Cir., 61 F.2d 566.

In addition to the affidavits, however, there was testimony at the hearing which tended very strongly to support the charge. One witness in particular, an immigration inspector, gave strong and convincing testimony in support of the charge. It would serve no good purpose to relate the details of his testimony—it is sufficient to state it was positive and direct and in connection with other circumstances testified to at the hearing, was sufficient to justify the conclusion reached and this, irrespective of the affidavits complained of.

■ It is true, as argued by appellant, that a large number of witnesses, including business men, local officials and acquaintances of appellant, many of whom at rather infrequent intervals had visited the house in question, gave testimony to the effect that they had not observed anything about the place of an immoral or improper nature. This testimony, however, was negative in character and did not preclude the Secretary of Labor from determining the issue presented adversely to appellant upon the direct and positive evidence before him.

■ Appellant also urges that the Secretary of Labor erroneously found that the appellant "is an inmate of a house of prostitution," and argues that the words "an inmate" can not apply to a male person. Even if this argument be sound, it would avail appellant nothing, as it was merely one of the charges on which deportation was ordered. We do not agree, however, with appellant's contention in this respect. The question was before the court in Ex parte Psimoules, D.C., 222 F. 118, and we agree with the construction there given the words in question, as well as the reason assigned by the court for its conclusion. See also United States v. Brough, 2 Cir., 15 F.2d 377.

■ As recognized by the appellant in his brief, the District Court was not the trier of the facts relevant to the issues presented. The statute itself, as well as numerous authorities, plainly makes the decision of the Secretary of Labor in deportation proceedings final.[2] The court is without authority to weigh the evidence or to substitute its

judgment as to the merits of the controversy,[3] and this court is bound by the same limitations.

The order of the District Court is affirmed.

---

[2] Lewis v. Frick, 233 U.S. 291, 34 S.Ct. 488, 58 L.Ed. 967; Taranto v. Haff, 9 Cir., 88 F.2d 85; United States v. Brooks, D.C., 284 F. 908; Section 155, Title 8, United States Code, 8 U.S.C.A. § 155.

[3] Costanzo v. Tillinghast, 287 U.S. 341, 53 S.Ct. 152, 77 L.Ed. 350; United States ex rel. Mastoras v. McCandless, 3 Cir., 61 F.2d 366; Cahan v. Carr, 9 Cir., 47 F.2d 604; Ex parte Keizo Shibata, D.C., 30 F.2d 942; Ex parte Wong Nung, 9 Cir., 30 F.2d 766.