# 810

**UNITED STATES ex rel. KARPATHIOU v. JORDAN.**

No. 8851.

Circuit Court of Appeals, Seventh Circuit.

Feb. 18, 1946.

Hermann P. Haase, of Chicago, Ill., for appellant.

J. Albert Woll, U. S. Atty., Kenneth S. Nathan, Asst. U. S. Atty., John M. McWhorter, Asst. Chief Adjudications Division, Immigration and Naturalization Service, all of Chicago, Ill., for appellee.

Before SPARKS and KERNER, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

The petitioner-appellant, hereinafter referred to as the petitioner, filed a petition for a writ of habeas corpus in the district court on May 25, 1945, which petition was on June 1 dismissed on motion of respondent-appellee, hereinafter referred to as respondent. This appeal challenges the correctness of the order of the district court in dismissing the petition.

This is the second time petitioner has filed in the same district court a petition for a writ of habeas corpus, and the second time it has been before this court on appeal. The district court in the first case, after a full and complete hearing upon the merits, denied the petition. The case was appealed to this court and affirmed on October 20, 1939. United States of America ex rel. Karpathiou v. Schlotfeldt, District Director of Immigration and Naturalization, Chicago District, 106 F.2d 928, certiorari denied 309 U.S. 681, 60 S.Ct. 721, 84 L.Ed. 1024. The facts are fully discussed in the former opinion of this court, and no good purpose would be served by again reviewing them. Reference is therefore made to our former opinion (106 F.2d 928, 929) for a discussion of the facts.

An examination of the record in the first case convinces us that that case was properly decided in both the district court and in this court on appeal. The same issues were presented in the first case as in the instant case, and that decision will stand unless there is some merit in the contention of petitioner presented in his brief as to the validity of the warrant of deportation. It seems that is the only question presented which petitioner contends was not presented and decided in the first case. In that case, however, this court said, "By the proceeding it was sought to test the *validity of a warrant issued by the Secretary of Labor* for the deportation of appellant upon the ground that he is in the United States contrary to the Act of February 5, 1917, Section 155, Title 8, U.S.C.A., in that appellant 'has been found managing a house of prostitution, or music or dance hall or other place of amusement or resort habitually frequented by prostitutes or where prostitutes gather'."

(Our italics.) Since that issue was decided contrary to the contention of petitioner in the first case, it would seem that this court should not be called upon again to decide the same question. However, it seems that petitioner now contends "that no valid order of deportation was ever made by any person having authority to issue such an order." This court will therefore examine that question in view of this contention.

 In his brief, the petitioner says, "The record discloses that the Secretary of Labor did not direct the petitioner's deportation. Said order of deportation was signed by Turner W. Battle, Assistant to the Secretary of Labor and not by the Secretary of Labor as by the statute provided." The statute to which reference is made, at the time the warrant of deportation was issued, read in part as follows: "In every case where any person is ordered deported from the United States under the provisions of this subchapter, or of any law or treaty, the decision of the Secretary of Labor shall be final." Title 8 U.S.C.A. § 155. Petitioner further says in his brief, "We contend that the Assistant Secretary of Labor had no authority to sign the order of deportation; that the right to sign such order is a quasi judicial function which cannot be delegated but can be exercised solely by the one authorized so to do by the statute * * *." No authority is cited to sustain this contention. The position of the office of Assistant to the Secretary of Labor is created by statute. Such statute reads as follows: "There shall be in the Department of Labor not more than two assistants to the Secretary who shall be appointed by the President and shall perform such duties as may be prescribed by the Secretary of Labor or required by law." Title 5 U.S.C.A. § 613a. This court said in the case of Werrmann v. Perkins, 7 Cir., 79 F.2d 467, 468, that "The point is also made that the warrant of deportation is executed by an assistant to the Secretary of Labor, whereas the statute provides that deportations shall be on the warrant of the Secretary of Labor * * *." The court then quotes Sec. 613a of Title 5 above, and other provisions of the statute pertaining to " 'aliens who are by law otherwise excluded from admission into the United States * * *' " and then continues, "It has been held that under these provisions the assistant to the Secretary of Labor may properly act in deportation proceedings and execute deportation warrants and that the courts will take judicial notice that certain persons were, at the time, assistants to the Secretary of Labor. Hajdamacha v. Karnuth, D.C., 23 F.2d 956; United States v. Karnuth, D.C., 35 F.2d 601; United States v. Phelps, 2 Cir., 40 F.2d 500. We conclude that this assignment is without substantial merit." Other cases to the same effect are: Restivo v. Clark, 1 Cir., 90 F.2d 847; In re Giacobbi, D.C.N.Y., 32 F.Supp. 508, affirmed without opinion, United States ex rel. Giacobbi v. Fluckey, 2 Cir., 1940, 111 F.2d 297. There is no merit in petitioner's contention in this case that the warrant of deportation is invalid. Such warrant is valid and enforceable.

 The district court properly exercised its sound discretion in giving controlling weight to the prior decision and in dismissing the petition. Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999; Salinger v. Loisel, 265 U.S. 224, 44 S. Ct. 519, 68 L.Ed. 989; Pope v. Huff, 1944, 79 U.S.App.D.C. 18, 141 F.2d 727; Swihart v. Johnston, 9 Cir., 1945, 150 F.2d 721; Dorsey v. Gill, App.D.C.1945, 148 F.2d 857, certiorari denied 325 U.S. 890, 65 S.Ct. 1580; United States v. Coy, D.C.Ky.1944, 57 F.Supp. 661. Litigation must end, and cannot be continued indefinitely in this manner. Wong Doo v. United States, supra.

The order of the district court is affirmed.