## CLARK v. UNITED STATES.

### No. 10489.

United States Court of Appeals Seventh Circuit.

Feb. 4, 1952.

Charles T. Shanner, Chicago, Ill., for appellant.

Matthew E. Welsh, U. S. Atty., Indianapolis, Ind., for appellee.

Before MAJOR, Chief Judge, and KERNER and FINNEGAN, Circuit Judges.

PER CURIAM.

Petitioner (appellant) on June 17, 1949 was, upon his plea of guilty, sentenced to the custody of the Attorney General for a period of four years. On February 28, 1951, petitioner filed in the court which had imposed such sentence a petition, under Title 28 U.S.C.A. § 2255, to vacate and set aside the sentence. From an order denying the relief thus sought, petitioner appeals to this court.

The petition evidently was prepared by petitioner without the aid of counsel and is rather indefinite and uncertain in its allegations. The gist of his charge appears to be that confessions and statements were obtained from him while in jail, in violation of his constitutional rights, which induced him to enter a plea of guilty when, as a matter of fact, he was not guilty. In view of the situation before us, we think it unnecessary to relate the detailed allegations of the petition. The government must have considered such allegations material because it filed an answer of denial. The District Court, also, must have so thought because it directed and conducted a hearing which resulted in the order appealed from.

The District Court, upon petitioner's request, appointed counsel to represent him. Thereupon, court-appointed counsel filed a petition for a writ of habeas corpus ad testificandum, alleging among other things that petitioner was a material witness in his own behalf and requesting that the court order his presence in court for the purpose of testifying. This request was denied by the court.

Thereafter, a hearing was had without the presence of petitioner. The court made its findings of fact and entered its conclusions of law and the order appealed from.

On the state of the record before us, we conclude that petitioner was entitled to be present at the hearing and testify. United States v. Hayman, 1952, 72 S.Ct. 263. On the authority of this case, we are required to reverse and remand, with directions that a new hearing be had, with opportunity afforded petitioner to be present and testify.