JACKSON v. GOUGH.

JACKSON v. HIATT.

Nos. 12402, 12462.

United States Court of Appeals, Fifth Circuit.

Nov. 12, 1948.

No apearance for appellant.

Col. Eugene M. Caffey, Col. Eugene Ferry Smith, and Lt. Col. H. M. Peyton, all of Ft. McPherson, Ga., and J. Ellis Mundy, U. S. Atty., and Harvey H. Tysinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellees.

Before HUTCHESON, SIBLEY, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, while serving in the armed forces, was, on January 9, 1946, convicted by a military tribunal of entering an army post exchange with the intent to commit larceny therein, and of committing larceny, and was sentenced to serve five years. Instant in season and out of season and staying his hand not at all, he has since written and filed seven petitions seeking release on habeas corpus, all of which have been denied. When he was here before[1] on appeal from judgments denying the writs in two of the cases he filed, the judgments were affirmed.

Here again on appeals from judgments denying writs in two cases, he urges, but with no more warrant or effect than before, the same grounds that he then urged and two additional grounds. One of these is that negro officers were excluded from the court martial which tried him. The other is: that the provisions of Article of War 70,[2] "No charge will be referred to a general court martial for trial until after a thorough and impartial investigation thereof shall have been made", were not complied with; that this requirement is jurisdictional; and that failure to comply with it deprived him of due process of law and rendered void the conviction and sentence under which he is serving.

There was a full hearing below at which petitioner testified, the entire court martial record was offered in evidence, as were the depositions of witnesses, including that of

---

[1] Jackson v. Sanford, Warden, 5 Cir., 163 F.2d 875.

[2] 10 U.S.C.A. § 1542.

petitioner's defense counsel which had been taken on previous habeas corpus hearings.

No evidence whatever was offered in support of the charge that negro officers were excluded from the court martial. The evidence was merely that there were none on the court.

On the other question, the failure to comply with A.W. 70, it was not contended that no investigation at all was made, indeed it could not be, nor was there any dispute of the recitals in the official report of the investigating officer.[3] Although the applicant did not complain of the preliminary investigation itself as not impartial and thorough, or make any showing that the recitals in the officer's report were not correct. the district judge undertook by careful inquiry of applicant[4] to find out just what his complaint of the investigation was. In addition he carefully queried the

[3] As material here, these are:

"1. I have investigated the inclosed charges dated 30 November 1945 against Jackson, William H., 33906334 * * * in accordance with the provisions of Article of War 70 and paragraph 35a, Manual for Courts-Martial. At the outset of the investigation, I informed the accused of the nature of the charges alleged against him; of the names of the accuser and witnesses, so far as known to me; of the fact that the charges were about to be investigated; of his right to cross-examine all available witnesses and to present anything he may desire in his own behalf, either in defense or mitigation; of his right to have the investigating officer examine available witnesses requested by him; * * *

"2. In the presence of the accused, I have examined all available witnesses and documentary evidence * * * Accused did not wish to have witnesses examined in his presence.

"3. The substance of the expected testimony of the following named witnesses in oral or written form was made known to the accused who stated he did not desire to cross-examine such witnesses and therefore the same were not examined or called in his presence: * * * ".

[4] This was the colloquy:

"The Court: Now your main contentions, as I have tried to get them, are, first, that the Investigating Officer was not present at the trial?

"Petitioner: Yes, sir.

"The Court: At the Courts Martial?

"Petitioner: That's right.

"The Court: And, therefore, that had some effect on the introduction of these statements? (referring to statements or admissions of petitioner which had been introduced in evidence).

"Petitioner: Yes, sir.

"The Court: Second one is, now, that negro officers were not on the trial court?

"Petitioner: That's right.

"The Court: And the third one is that the witnesses were not interviewed by the Investigating Officer?

"Petitioner: That's right.

"The Court: And now what witnesses do you claim those were that you gave him that he didn't interview?

"Petitioner: Well, Your Honor, it is not the question, I am not trying to point out to you the question of whether witnesses was called to court or not. I am merely trying to say that the only way I could have proved that the Investigating Officer did not conduct an investigation as set forth by Articles of War 70 was by him seeing these witnesses.

"As I explained to you before, there was only one person in the world at the time, rather only one third person in the world who could have testified truthfully whether or not I was manhandled by the Colonel before signing Prosecution Exhibit #2, and that was Mr. Wynn, so in order for the Investigating Officer to conduct the fair and impartial investigation, and to determine whether or not the statement was signed voluntarily by me, or if any threats or coercion was used, was for him to see Mr. Wynn, not in my interest, or in the court's interest, but in the interest of justice as pointed out in Articles of War 70.

"The Court: So you say now that the failure of the Investigating Officer to interview these witnesses resulted in your not being able to show that the alleged confession—

"Petitioner: Yes, sir.

"The Court: Introduced in evidence was illegally obtained?

"Petitioner: That's right.

"The Court: Because if he had made a full investigation, he would have discovered these facts, and it would have been his duty to have had his statement in the record?

"Petitioner: That's right. In other words, it was necessary for him to, Mr. Wynn was the only one who could supply that information, whether or not the Colonel did threaten me, or use any acts of coercion, because Miss Klaxton, as she testified, was sent out of the room."

warden's counsel as to whether, if it were found that the preliminary investigation was not thorough, fair, and impartial, as required by the rule, this would affect the jurisdiction of the court martial so as to entitle the prisoner to release.

In addition to the recitals in the report of the investigating officer and the failure of the applicant to in any manner overthrow them, the testimony of defense counsel, which was taken, was to the effect that the preliminary examination was fair and full and that all witnesses whose names had been given to him by the accused had been examined by the investigator.

While, therefore, the complaint was put forward as a general attack upon the investigation, it came down at last to applicant's real complaint that the investigating officer was not present at the trial where applicant seemed to think it was his duty to be. Whatever, therefore, we might be inclined to hold as to whether a preliminary investigation is a jurisdictional prerequisite to a court martial trial,[5] this question is not before us for decision. A preliminary investigation was conducted, and there is no evidence whatever that it was not substantially in compliance with A.W. 70. Applicant's contention, that it was necessary for the investigating officer to be present at the court martial hearing and that, because of his failure to be present, applicant was deprived of due process, is wholly unfounded.

We think it clear that the judgments were right and should be affirmed. We think it clear, too, that applicant, in continually filing groundless applications for writs of habeas corpus, has greatly abused the process of the courts, and that if he persists in filing applications, they should be dismissed without hearing unless there is a clear and positive showing in them that they are based on new grounds or, if upon any of the old grounds, new and substantial evidence not previously available has been discovered to support them.

Affirmed.

[5] Cf. Smith v. Hiatt, 3 Cir., 170 F.2d 61; Hicks v. Hiatt, D.C., 64 F.Supp. 238; Anthony v. Hunter, D.C., 71 F.Supp. 823; Henry v. Hodges, D.C., 76 F.Supp. 968.