Robert T. Drake, Chicago, Ill., for appellant.

Frank L. Nikolay, U. S. Atty., Madison, Wis., for appellee.

Before MAJOR, Chief Judge, and KERNER and DUFFY, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal from an order of the District Court denying a motion under § 2255 of Title 28 United States Code, to vacate a judgment and sentence of imprisonment imposed on July 18, 1950. The defendant, having waived in open court prosecution by indictment, was brought before the court upon an information charging him and one Washburn with transporting a stolen motor vehicle from the State of Minnesota to Jefferson in the State of Wisconsin. The defendant pleaded guilty and a sentence of five years was imposed. The issues presented here are his sanity at the time of the trial, his understanding of his guilty plea, and whether he voluntarily, intelligently and competently waived his right to the benefit of counsel.

Prior to September 28, 1951, several motions to vacate the judgment of July 18, 1950, were filed by the defendant and de-

## UNITED STATES v. WANTLAND.

### No. 10623.

United States Court of Appeals
Seventh Circuit.

Oct. 10, 1952.

nied by the court. Thereafter the defendant filed his petition and moved again that the judgment be vacated. In his petition he alleged *inter alia* that he was insane at the time of the offense alleged against him and at the time of the plea and sentence, and that within five days after he was sentenced to imprisonment and while confined in a federal prison, mental tests were begun upon him by psychiatrists, and that on September 19, 1950, the Board of Examiners at the federal prison found him insane. The court denied his motion. In disposing of defendant's motion to vacate the sentence of imprisonment, the trial judge, without notice to defendant and without affording defendant an opportunity to produce evidence in support of the allegations of his petition, stated that he had considered all of the proceedings theretofore had.

▉ Defendant, by his counsel, appointed by this court to assist him upon this appeal, makes the point that the defendant was not advised that he had a constitutional guarantee of the assistance of counsel, and that free counsel could be provided to assist in his defense, hence he did not intelligently waive counsel. The case of Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309, is cited. In that case the Supreme Court, 332 U.S. at page 722, 68 S.Ct. at page 322, said: "It is the solemn duty of a federal judge before whom a defendant appears without counsel to make a thorough inquiry and to take all steps necessary to insure the fullest protection of this constitutional right [that an accused, unable to hire a lawyer, shall be provided with the assistance of counsel for his defense in all criminal prosecutions] at every stage of the proceedings." And our attention is called to Cherrie v. United States, 10 Cir., 179 F.2d 94, in which the court, at page 96, said: "When a defendant appears before the court without counsel, we think, as a minimum, the court, in order to discharge its duty, must advise the defendant of the seriousness of the charge, that the Constitution of the United States guarantees him the right to have the assistance of counsel for his defense, and that if he is unable to employ counsel, it is the duty of the court to appoint, and the

court will appoint, counsel for him. Ordinarily, only by such an inquiry can the court be sure that the defendant understands his constitutional right and intelligently waives it."

In the instant case the record discloses that at the trial upon the information the court asked the following questions:

Q. You are entitled to be represented by an attorney if you desire. Do you wish to be? A. No.

The court. You have heard what you are charged with in this case? A. Yes.

The court. And, Wantland, what do you understand you are charged with? A. Stealing an automobile across the State line.

The court. Robert F. Wantland, what is your plea? A. Guilty.

We approve what was said in the Cherrie case, and since it is clear that Wantland was not advised that if he was unable to employ counsel, the court would appoint counsel to assist him in his defense, we think that case is applicable here.

Section 2255 in part provides: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." In our case it is plain that a question of fact was presented. In such a situation the petitioner is entitled to a hearing and must be afforded an opportunity to produce evidence in support of the allegations of his petition. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263; Clark v. United States, 7 Cir., 194 F.2d 528; Wheatley v. United States, 10 Cir., 198 F.2d 325; and Ziebart v. United States, 5 Cir., 185 F.2d 124. In reaching this conclusion we have not overlooked the requirement of § 2255 that the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. However, we think that the facts set up by petitioner were such as to entitle him to a hearing, and that the court

was in error in denying him such hearing. Compare Von Moltke v. Gillies, 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309, and Barrett v. Hunter, 10 Cir., 180 F.2d 510, 514, 20 A.L.R.2d 965.

The judgment of the District Court is reversed and the cause is remanded for further and not inconsistent proceedings.